*Hall* vs. *Mills, ex'r of Mills.*

---

HALL vs. MILLS, EX'R OF MILLS.

A defence may be made on the trial of an appeal from a justice of the peace which was not made before the justice.

APPEAL from St. Louis Circuit Court.

CARROLL, *for Appellant, insists:*

That the 18th sec. of art. 8, of act concerning Justices' Courts, in Revised Code, is conclusive against the instruction of the court.

In the 19th section of the same law, it is provided "that no set-off shall be pleaded in the Circuit Court that was not pleaded before the justice." Now, if no set-off can be pleaded, why shall a plea be allowed to a set-off which makes such a plea useless? The consequences of the judges' exposition would be the practice of continual surprises fatal to justice; for, although the trial *de*

*novo* in the appellate court, yet if a party be allowed to set up a flat bar to an action which he waived in the court below, it is impossible not to see that gross frauds may be easily practiced.— If it were known that such a plea was to be set up, the party might be prepared to show a new promise—a thing it was impossible for him to do in the court below, because no such plea was attempted. Courts always frown upon trick and chicanery, and favor a fair and honest trial of causes upon their real merits.

CALLAHAN, *for Appellee, contends:*

1. That the instruction excepted to was not erroneous. Its entire correctness, indeed, does seem to be self evident. [In passing from this point to the next, perhaps it should be remarked that, from an assumption in the motion for a new trial, it is probable that the appellant's attorney was under the impression that the plea of the statute of limitations was not interposed in the justice's court; but the record does not show this to have been the fact, and if it did, it is not seen that that would materially alter the case.]

2. That the verdict was for the right party. That it was precisely as, according to the law and the evidence, it should have been,—and even without the instruction complained of, would no doubt have been,—and therefore it ought not to be disturbed. 9 Mo. R., 305; 8 Mo. R., 224 and 707.

3. That the set-off was improperly and unlawfully filed, and ought to have been stricken out or utterly disregarded. This, it is submitted, is true, for various reasons (which must have been overlooked by appellee's former counsel.)

Only three of these reasons will be pointed out here:

1. Although the justice of the peace, following the phraseology of the note itself, very unnecessarily, and perhaps irregularly, described the plaintiff in the writ and proceeding, as "executor of Charles Mills," yet the note was, and continued to be, the property of the plaintiff, John Mills. 9 Mo. R., 169, Bryant vs. Durkee; and Thomas & Thomas vs. Relfe, adm'r of Hunter, 337. And it was not competent to defeat a recovery on it by filing and proving an account against Charles Mills.

2. The justice had no jurisdiction over the account sought to be used as a set-off, it exceeding ninety dollars. Mo. Rev. Codes, '35 and '45, "Justices' Courts," art. 1; 9 Mo. R., 246. And,

3. The plaintiff's cause of action did not accrue in the lifetime of Charles Mills. 8 Mo. Rep., 161, Woodward & Thornton, adm'rs, vs. McGaugh & Brown.

NAPTON, J., *delivered the opinion of the Court.*

John Mills, executor of Charles Mills, deceased, brought suit before a justice against Hall, upon the following note :—"One day after date, I promise to pay to John Mills, executor of the estate of Charles Mills, deceased, ninety-three dollars, for value received. St. Louis, Aug. 17, 1843." The defendant set off an account for medical services alleged to have been rendered to Charles Mills in his lifetime, during the years 1832, '3 and '4. The plaintiff recovered a judgment for the amount of the note, and the defendant appealed to the Circuit Court. In that court, a trial was had, and the court allowed the statute of limitations to be interposed as a bar to the allowance of this set-off. A judgment having

been again given against Hall, the case is brought here, and the instruction of the Circuit Court which allowed the bar of the statute, is the only error insisted on. The objection taken is, that the statute was not used as a defence before the justice, but it does not appear from the bill of exceptions how this was, and if it were as stated, the defence was a proper one. The statute prohibits a party from using a set-off in the Circuit Court which was not relied on before the justice; but does not prohibit a defence to be set up in the Circuit Court which was waived or neglected in the trial before the justice.

The other Judges concurring, judgment affirmed.