# DECISIONS

## OF THE

# TERM HELD AT TAMPA, 1853.

LOAMMI DAVIS, APPELLANT, VS. MARTHA FITCHETT AND CHARLES F. FITCHETT, ADM'RS., &C. OF SAMUEL ELLIOT, DECEASED.

1. Upon an appeal from a Justices Court to the Circuit Court, the trial in the latter Court is to be had anew upon the merits, and the original defendant is not limited and confined upon such new trial to the same points of defence made in the Court below, but may present new defences upon the merits.

2. There being no time specified within which a plea denying the signature of the defendant to a bond, bill or note should be filed in a Justices Court, it may be filed on the entry of the appeal in the Circuit Court.

3. A free person of color should not be sued by guardian; he is under no incapacity or disability with regard to the defence of suits brought against him, but may appear and defend by attorney as other persons of full age.

4. A free person of color, who is defendant in a suit upon a bond, bill or note, &c. may by plea deny the execution thereof in the manner provided by law; the interposition of such plea, sworn to, does not make the party a witness within the 42d section of the Act of Nov. 21, 1828.

[The Reporter has not been furnished with a copy of the record from which to frame a statement of the facts in this case, but enough appears in the opinion of the Court, to enable the case to be fully understood.]

*James Gettis* and *M. Whit Smith* for appellant.

*James T. Magbee* for appellee.

THOMPSON, J.:

The appellant, who is, as it appears, a free man of color, was sued by the respondents in a Justice's Court in a plea of debt, upon a promissory note for the sum of fifty dollars, upon which judgment was rendered by the Justice against him for the said sum of fifty dollars, with interest and costs. From this judgment he appealed to the Circuit Court of the Southern Circuit, sitting in Hillsborough County, when upon a new trial, judgment was rendered against the appellant for the sum of sixty-six dollars, and from this last judgment the record has been removed to this Court by appeal, upon several points of law reserved upon bill of exceptions.

The first error assigned is upon the ruling of the Circuit Court, that the appellant, who was defendant in the Justice's Court, could be sued without joining his guardian, and making the latter a party to the suit. The necessity for making the guardian a party to every suit brought by and against a free person of color, is supposed to arise from the provisions of the Act of January 8, 1848, entitled "An Act to authorize Judges of Probate of the several Counties in this State to appoint guardians for free negroes." The first section of the statute provides, that free persons of color shall be required to have guardians, to be selected by themselves, or if under ten years of age, by their parents, with the approval of the Judges of Probate, and it is made the duty of the Judge, if the guardian is approved of, to issue a certificate of appointment. The second section provides, that such guardians "shall have power to sue for and recover all such sums of money as are or may hereafter be owing to such free negro, or free mulatto, and shall have the same control over them as is possessed by guardians in other cases."

The last section is the one which is relied upon to support the position assumed, that a free person of color cannot be sued otherwise than through, or by his guardian. The statute, it will be observed, provides only for cases in which such free person of color is the plaintiff or creditor ; it is silent as to those cases in which he is the debtor and defendant ; and it will also be observed that the enactment is couched in affirmative terms only.   Hence it will follow' that if before the Act, such persons were not under any disability to sue for the recovery of their rights, they may do so still, upon the principle that an affirmative statute does not take away the Common Law—the only effect will be, to give to the guardian appointed under the law, the right to sue equally with the ward.   But as before remarked, the Act speaks of creditors and plaintiffs only, and if the correlative parties of debtor and defendant are included within the Act, it must be by force of the general terms— " and shall have the same control over such free negroes and free mulattoes as is possessed by guardians in other cases."   This, it is supposed, places the free person of color under all the disabilities, in relation to his position as a party in Court, which an infant labors under ; but it is very clear, that the terms quoted do not extend beyond the authority which such guardians may exercise over the persons of those committed to their wardship.   If, however, the provision should be deemed ample enough to put the free persons of color with regard to their property and rights of property under the same disabilities as if they were infants, yet a reference to the law in relation to infants, as parties in a Court of justice, will show that the position is not well taken.   When it is said that at Common Law, infants could neither sue nor defend, except by *guardian*, it is not intended to be the guardian of the infant's person and estate, but either one admitted by the

Court for the particular suit on the infant's personal appearance, or one appointed for suits on general by the King's letters patent. Fitz. Nat. Brev., 27, H.

But this rule being found inconvenient, it sometimes happening that an infant was secreted by those who had the legal custody of his person, and so prevented from applying to have a guardian *ad litem* appointed, it was remedied by the Stat. Westm., 1, (3d Ed., I,) c. 49, and Westm. 2, (13 Ed. I,) c. 15, which authorized suits by the infant by *prochein ami.* Co. Lit., 135, b. n. 1.

If an infant is sued, he is not sued by his guardian, nor is there any principle of law which requires he should be sued in this manner; but the suit is brought against him as if he were of full age, and being brought personally into Court, a *guardian ad litem* is assigned him to enable him to make his defence; and in this way only, by reason of the incapacity and disability resulting from his non-age, can he *defend* any action or suit at law or in equity. If the infant, when sued, does not apply to the Court for the appointment of a guardian *ad litem*, the plaintiff's attorney should apply to him to appear and move for that purpose, and in case of refusal so to do, the plaintiff's attorney may, six days afterwards, make application to the Court. Schief. Prac., 168, citing 2 Wils. R., 50.

So it would appear that if free persons of color were placed on the same footing as infants, the action was, in its origin, rightly brought against the appellant. We do not, however, consider that free persons of color rest under the same incapacities and disabilities with regard to the *defence* of suits, which infants do, but they may appear and defend by attorney as other persons of full age, and this assignment of error is therefore overruled.

2. In the Circuit Court, the appellant sought to interpose a plea denying the execution of the note sued upon,

but which plea the Court would not admit to be filed on the ground that the plea could not be admissible, unless it appeared from the record of the justice, that such plea had been regularly filed in the Court below ; and this refusal of the Court forms the second and third errors assigned here.

If the trial in a Circuit Court of an appeal from the decision or judgment of a Justice of the Peace were upon the record, in the same manner as appeals from the Circuit Court to this Court, the ruling of the Judge below would without doubt, have been correct; but as by the Act of Feby. 12, 1832, (Thomp. Dig., 364,) the case is to be tried anew upon its merits, we are at a loss to perceive the force of the reason stated for rejecting the plea when offered in the Circuit Court.

By the Act regulating the practice and proceedings of the Circuit Court, (Thomp. Dig., 330,) dilatory pleas and pleas denying the execution of any bond, note, or other writing sued upon, are not to be received unless pleaded on oath, and filed before the cause is called upon the appearance docket ; but by the Act regulating proceedings before Justices of the Peace, although such plea is required to be sworn to, yet there is no time limited within which it is to be filed. (Thomp. Dig., 471.) It may therefore be put in at any time before trial in the Justice's Court ; and as the appeal from his judgment altogether suspended its force and effect as a judgment, and the party was entitled to a trial of the case anew, as if it had never been tried before, we can see no valid objection to an amendment of the pleadings by either party, or to the interposition of new defences. If the new trial had been in the Justice's Court, it is very clear the right to amend the claim or defence existed, and we cannot conceive that the removal to a Superior Court would operate any change of

34

the rule. If the removal of the case by appeal to the Circuit Court brought it within the influence of the rules of practice of the latter, yet such rules would not retroact so as to operate upon the case from its commencement in the Court of the Justice of the Peace, but would only affect it from the time it came within the jurisdiction of the Circuit Court by the appeal; and it is not pretended that the plea was not tendered at the first term in the Circuit Court, and was for that reason rejected. We are not aware of any rule of law which would restrict a party who upon appeal is entitled to a new trial upon the merits, to the same defences which he had made in the Court below upon the first trial.

It is however urged that the ruling was right, but for other reasons than those assigned by the Court below; and if this be true, the respondent is entitled to have the benefit of them.

It is argued that the appellant, being a free man of color, could not interpose a plea denying the execution of a bond, bill, note or other writing sued upon at any time, or in any Court, in a case where a white person is a party, because by the Act of November 21, 1828, § 42, it is provided that negroes or mulattoes, bond or free, shall be good witnesses in civil cases where negroes or mulattoes shall alone be parties, and in no other case whatever. By the term a witness, we understand one who gives testimony or evidence in a cause; and it is difficult to perceive how an affidavit, by a party to his plea, would constitute him a witness. By the statute 4 & 5 Ann, c. 16, pleas to the jurisdiction of the Court, to the disability of the plaintiff or in abatement, which are termed dilatory pleas, are not to be admitted, unless affidavit be made of the truth of the matter pleaded, but it never was supposed that such affidavit made the defendant a witness.

Our statute, before quoted, following the statute of Ann for the purpose of protecting plaintiffs against these dilatory pleas, makes the same provision, and goes further and provides that pleas which deny the execution of any bond, note, &c. sued upon, shall, like dilatory pleas, be put in upon oath; and so the plaintiff is not to be put to the proof of the instrument, unless the truth of the plea is sworn to. Such verification of the plea, is not evidence; it cannot be read to the jury as testimony for the party pleading it; nor does it, like an answer in Chancery, require the testimony of two witnesses to countervail the allegation of the plea, but it is simply a formality which must be observed before the plaintiff shall be required to maintain the affirmative allegation of his declaration in this particular. By the common law, in an action upon a bond, if the defendant pleaded *non est factum*, the plaintiff was bound to prove the execution of the bond; and so in an action of assumpsit upon a bill or note, the plea of the general issue would throw upon the plaintiff the onus of proving the making and delivery of the bill or note; the statute changes the rule in this respect, and declares that the plaintiff shall not be put to this expense and trouble, unless the issue tendered is supported by affidavit of the defendant, and that the only force and effect of the affidavit is to raise the issue, to show that the plea is a real and substantial defence, and not a frivolous plea intended merely to harrass the plaintiff wantonly, and put him to needless expense. A party may with as much propriety be termed a witness in a cause who makes and presents to the Court an affidavit for continuance. There is nothing in this objection; a free person of color being liable to be sued, it follows as a necessary consequence that he is entitled to all the means and opportunity of making and presenting his defence which are permitted and allowed to

other suitors, except when he is restricted by the force of some express statutory regulation; and this Court being clearly of opinion that a party in an appeal tried in the Circuit Court from the judgment of a Justice of the Peace, who was the defendant in that Court, is not limited and confined to the points of defence made in the Court below, the Circuit Court erred in refusing to receive the plea which was tendered; for which error the judgment of the Circuit Court must be reversed, and the cause remanded, with instructions that the plea be received, and a new trial had in said Court on that as well as all other proper issues in said cause.

Judgment reversed and new trial ordered.