LAURENS A. NOYES *vs.* JOHN SHERBURNE.

Suffolk.    March 2. — 3, 1875.    MORTON & ENDICOTT, JJ., absent.

Where judgment is recovered in the Municipal Court of Boston against a defendant who appeals therefrom, but fails to prosecute his appeal, and the plaintiff enters his complaint for affirmation of judgment at the second term thereafter of the Superior Court, the judgment of the Superior Court rendered at that term upon the complaint, and affirming the judgment of the court below, is not erroneous for want of a separate petition for leave to enter the complaint, or of notice to the appellant, or of a recital that the omission to enter the complaint at the first term was by accident or mistake.

WRIT OF ERROR to reverse a judgment rendered by the Superior Court, at October term 1871, affirming a judgment of the municipal Court of the city of Boston in favor of the defendant in error, in an action of contract. The record showed that Sherburne recovered judgment in the original action April 19,

1871, that Noyes appealed therefrom but failed to prosecute his appeal, and that Sherburne entered his complaint for affirmation of the judgment at said October term. The errors assigned were: First, that the complaint was not entered at July term 1871 of the Superior Court, but was entered at the second term without any petition for leave to enter the complaint, or any notice to Noyes. Second, that the Superior Court had no jurisdiction to order the affirmation of the judgment at the October term. Third, that it did not appear by the record that, by reason of any accident or mistake, either the appeal or the complaint was not entered at the July term.

*M. Stevens*, for the plaintiff.

*A. E. Warner*, for the defendant.

GRAY, C. J. An appeal from the Municipal Court of Boston is to be entered and disposed of in all respects like an appeal from a justice of the peace. Gen. Sts. c. 116, § 32. Sts. 1862, c. 217, § 1; 1866, c. 279, § 12. If an appellant from the judgment of a justice of the peace fails to enter his appeal, the Superior Court, on complaint of the adverse party, may affirm the judgment. Gen. Sts. c. 120, § 27. If, by reason of mistake or accident, an appeal to the Superior Court is not duly entered therein, or a complaint founded on an omission to enter an appeal has not been entered by the appellee, the court, upon petition filed within one year after the appeal or complaint should have been entered, may allow said appeal or complaint to be entered, and proceed thereon as if it had been entered at the proper term — just as in the case of questions arising upon appeal from the Superior Court to this court. Gen. Sts. c. 114, § 15; c. 112, § 17.

It thus appears that a complaint for the affirmation of a judgment for omission to enter an appeal cannot be presented as of right after the first term, but may, in case of accident or mistake, be allowed by the appellate court to be entered at any term within a year afterwards. The appellant, being in default by not having entered his appeal, is not entitled to notice except at the discretion of the court. In strictness, and by the terms of the statute, the petition to enter the complaint should be distinct from the complaint itself. But this, being mere matter of form, not affecting the rights of either party, has been often disregarded in practice.

The judgment of the Superior Court at the second term, affirming the judgment appealed from, upon the petition and complaint of the appellee, is conclusive, and is not erroneous for want of a separate petition for leave to enter the complaint, or of notice to the appellant, or of a recital that the omission to enter the complaint at the first term was by accident or mistake.

*Judgment affirmed.*