## INHABITANTS OF LEYDEN *vs.* DENNIS SWEENEY.

Franklin.     September 23.—25, 1875.     AMES & DEVENS, JJ., absent.

The record of a judgment rendered by a justice of the peace in favor of the plaintiff, in an action against a town, stated that the defendant appeared by a named selectman on a certain day, and the action was continued to another day when the defendant appeared by the same selectman, but not duly authorized by any vote of the town to defend the action, and that "the inhabitants of" the town appealed from the judgment to the next Superior Court; that the appeal was not prosecuted, and upon the complaint of the plaintiff the judgment was affirmed by the Superior Court. *Held*, on a writ of error, that the record did not show that the appeal was improperly taken ; that the appeal would open the whole case as to the law, the facts and the judgment, and rendered irregularities in the judgment appealed from immaterial; and that, the appeal not having been entered, the Superior Court rightly affirmed the judgment of the justice of the peace.

WRIT OF ERROR to reverse a judgment rendered by the Superior Court, at August term 1874, affirming a judgment of a justice of the peace, in favor of the defendant in error, in an action of contract.     Plea, *in nullo est erratum*.

The record showed that, in the original action, on the return day of the writ, the plaintiff appeared and entered the action, and the defendant appeared by David Mowry, one of the selectmen of the defendant town, and the action was continued to a day named, when the plaintiff appeared, and the defendant also appeared "by said David Mowry, selectman as aforesaid, but not duly empowered by any vote of said town to defend said action,"

whereupon upon motion of the plaintiff the defendant was defaulted, and judgment entered for the plaintiff against said defendant in the sum of $8.80 damage, and $7.52, costs; " from which judgment the inhabitants of Leyden appealed " to the next term of the Superior Court; that at said term of the Superior Court the defendant failed to enter its appeal, and the judgment of the justice of the peace was affirmed on complaint.

The errors assigned were : First, that the Superior Court improperly took jurisdiction of said action in so far as to affirm the former action, because no valid or legal appeal had been taken by the inhabitants of Leyden, or by any one duly acting in their behalf; Second, that the default was improperly entered by the justice of the peace, because said inhabitants were present, and were duly represented by one of their selectmen, sufficiently authorized thereto in virtue of his official capacity ; and because, if said inhabitants were not so represented, it was the duty of the justice to have continued the action to enable said inhabitants to properly defend the same.

*C. G. Delano*, for the plaintiff in error. 1. The record should have stated through whom the inhabitants of Leyden claimed the alleged appeal, as it did through whom it claimed to defend. *Sayles* v. *Briggs*, 4 Met. 421. *Wells* v. *Stevens*, 2 Gray, 115. The implication, however, clearly is that the town was represented throughout by the same person, namely, Mowry.

2. It has never been decided in this Commonwealth that selectmen have not, by virtue of their general authority, power to defend an action of this kind. *Bursley* v. *Barnstable*, 14 Gray, 106. *Walpole* v. *Gray*, 11 Allen, 149. *Butler* v. *Charlestown*, 7 Gray, 12. *Lexington* v. *Mulliken*, 7 Gray, 280. *Clark* v. *Russell*, 116 Mass. 455.

3. The objection not having been taken on the return day of the writ, and Mowry having then been allowed to appear, it was too late to make it afterwards. The objection being made and entertained, and the town, being denied the right to defend through the person who appeared for it, could not then claim or be deemed to have taken an appeal through the same person, he having by the decision of the justice no standing in court for that purpose. This writ therefore can be maintained. *Skipwith* v. *Hill*, 2 Mass. 35. *Putnam* v. *Churchill*, 4 Mass. 516.

*A. Brainard,* for the defendant in error.

GRAY, C. J. The appeal from the judgment of the justice of the.peace appears by his record to have been taken by the town, and does not appear to have been claimed in its behalf by a person unauthorized to represent it. The appeal would open to the appellant, in the Superior Court, the whole case, as to the law, the facts and the judgment, and render immaterial any irregularities in the judgment appealed from. *Commonwealth* v. *O'Neil,* 6 Gray, 343. *Commonwealth* v. *Calhane,* 108 Mass. 431. *Commonwealth* v. *Sheehan,* Ib. 432 note. *Wallace* v. *Brown,* 5 Foster, 216. The appeal not having been entered in the Superior Court, that court, upon the complaint of the adverse party, rightly affirmed the judgment of the justice of the peace. Gen. Sts. *c.* 120, § 27. *Noyes* v. *Sherburne,* 117 Mass. 279. No error being shown in the judgment of the Superior Court, it must be

*Affirmed.*