JOHN A. WHITE v. JOHNSON, COOK & MURRAY.

No. 886.

1. **Appeal to County Court—Pleading New Matter.**—On appeal to the County Court the defendant may interpose a general denial, although the judgment against him in the Justice Court was by default, and without his appearance therein.

2. **Same — Cross-Action.** — But the defendant can not, for the first time, plead in the County Court on appeal a cross-action seeking affirmative relief, whether it be technically a counter-claim or not.

3. **Same—Quashing Citation.**—A motion to quash the citation issued by the justice of the peace comes too late if made for the first time in the County Court on appeal.

4. **Justice Court—Citation to "Next" Term.**—A citation issued by a justice of the peace must be returnable to some term of his court, but not necessarily to the next term thereof.

APPEAL from the County Court of Wilbarger. Tried below before Hon. J. W. BLANKENSHIP.

*Stephens, Huff & Camp*, for appellant.—1. The citation in this case was made under articles 1568 and 1570 of the Revised Statutes, and those articles are in conflict with articles 1215, 1443, and 1572, and especially article 1443. Article 1443, which is general in its nature and applicable to all courts alike, requires that the citation "shall be made returnable to the next regular term of court;" while articles 1568 and 1570, which appertain to Justice Courts alone, and are therefore limited in their scope, say that the citation shall be made returnable to some regular term of the court. These statutes are in pari materia, and some regular term of court must be construed to mean the next regular term of court, in order to satisfy the requirements of all of said articles, and harmonize the conflict therein.

2. Appellees filed suit in the Justice Court on an open account for $423.46, less two credits of $190 and $126, and took judgment for the difference, $107.46, by default. Upon the appeal to the County Court, the appellant pleaded first a general denial, and then amended, and after the general denial pleaded specially the items in the account sued on which he claimed he did not owe for, amounting to $364.78, admitting that he owed for the remainder, amounting to $58.68, and asked that he have judgment for the difference between $58.68 and the two amounts, aggregating $316, appearing as credits allowed him by appellees. This was not a counter-claim as mentioned in article 316, Revised Statutes, as not being permissible where there had been no pleadings in the Justice Court. Railway v. Mealer, 2 Willson's C. C., sec. 475.

3. The statutory inhibition against pleading new matter on appeal does not forbid any pleading whatever; and to so hold would be tantamount to denying the defendant the right of appeal in all cases where a judgment by default was rendered against him by a justice of the peace. Railway v. Jones, 23 S. W. Rep., 424.

No brief for appellees reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—The failure of appellant to appear and plead in the Justice Court did not deprive him of the right to rely on a general denial in the County Court. Railway v. Jones, 23 S. W. Rep., 424. The law, in effect, interposed a general denial for him in the Justice Court by requiring plaintiffs to prove their case, notwithstanding his failure to appear. Rev. Stats., art. 1578. No reason is perceived why he should be denied such a defense on appeal in the County Court, where the trial is de novo. This conclusion leads to a reversal of the judgment.

In view of another trial, we are urged to decide whether there was error in refusing to entertain appellant's plea for a judgment over against appellees.    Whether it was technically a counter-claim or not is unimportant.    It was a cross-action, and sought affirmative relief; and as such was properly rejected, being urged for the first time in the County Court.

We are also urged to decide whether the motion made for the first time in the County Court to quash the citation issued by the justice of the peace was properly overruled.    In answer to this, we refer to the following cases which hold that such an issue comes too late when thus presented: Perry v. Rohde, 20 Texas, 730; Sheldon v. San Antonio, 25 Texas Supp., 177; Irvin v. Davenport, 84 Texas, 512; 1 W. & W. C. C., secs. 39, 459.

If taken in time, we are not prepared to hold, with appellant's contention, that a citation issued by a justice of the peace must require the defendant to appear at the *next* regular term of the Justice Court.

Article 1443 of the Revised Statutes contains the provision, that all writs and process shall be made returnable on the first day of the next term of court; and article 1215 contains a like provision as to the requisites of a citation.    These articles are both found under "Title 29— Courts, District and County; Practice In."    In articles 1568 and 1570, under " Title 32—Courts, Justices'," prescribing the requisites of process and citation in such courts, the word "next" is substituted by the word "some."    These articles, with that exception, are almost identical with articles 1215 and 1443.

We think the codifiers must have made this substitution on purpose, and not without a sufficient reason.    The construction contended for by appellant, in view of the law requiring Justice Courts to be held once every month, would prove very inconvenient in practice, especially in obtaining service by publication.    We are not disposed to exact of a justice of the peace a better writ than the statute, enacted for his guidance, in terms requires.

For the reason first above stated, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered December 13, 1893.