Gulf, Colorado & Santa Fe Railway Co. v. Crossman Bros.

No. 945.

**1. Common Carrier—Interstate Shipment—Limiting Liability.**

Interstate shipments are not subject to regulation by the laws of this State, and the carrier may in a contract for such shipment limit its liability to damages occurring on its own line.

**2. Appeal from Justice to County Court—Pleading New Matter—Denial of Partnership.**

On appeal from Justice Court to the County Court, in an action for loss of goods consigned to a railroad company for shipment over its own and connecting lines, the defendant may file a denial of partnership between it and the connecting road, although this defense was not made in the Justice Court.

Appeal from County Court of Fannin. Tried below before Hon. Joseph Q. Chenoweth.

*J. W. Terry* and *Charles N. Lee,* for appellant.

*Lusk & Thurman,* for appellees.

FINLEY, Associate Justice.—This is a suit instituted against the defendant Gulf, Colorado and Santa Fe Railway Co. to recover the value of two bales of cotton shipped by plaintiffs from Ladonia, Texas, to New Orleans, La., and which were never delivered to the consignee. The case was originally instituted in the Justice Court, and from a judgment rendered in that court, an appeal was taken to the County Court, the case was there tried de novo, and judgment rendered in favor of plaintiffs, and an appeal is prosecuted to this court. The judgment in the County Court recites a trial on the oral pleadings of plaintiffs, agreed to have been made in the Justice Court, substantially as follows: "That defendant was a railway company, with office at Ladonia, Texas; that defendant's line connected with that of the Texas and Pacific Railway Company, a company doing a carrying business, whose line extended to New Orleans, La.; that said companies on said day had a common agent at Ladonia, Texas, C. B. Clark, and had a running arrangement whereby each acted as the agent for the other in carrying freight for it from and to said points; that on said day defendant, by the contract in writing sued on, undertook to carry for plaintiffs two bales of cotton from said Ladonia to New Orleans, and deliver it to plaintiffs' consignees, A. and V. Meyer & Co., but did not so deliver it, and has failed to pay plaintiffs therefor, to plaintiffs' damage $122.60, the value of said cotton with legal interest; or, if mistaken in this, that defendant and said Texas and Pacific Railway Co., being carriers as aforesaid, by their said common agent, Clark, jointly executed said contract and jointly undertook and agreed to carry said cotton from said Ladonia to New Orleans, and deliver it in good condition, but failed so to do, and have not paid therefor, to plaintiffs' damage as aforesaid."

The defendant filed general demurrer and general denial, and special answer, as follows: "Defendant comes and says that it is not liable to plaintiffs in any amount, because it says that on August 20, 1890, it issued a through bill of lading to said plaintiffs, Crossman Bros. & Co., for two bales of cotton to be transported to New Orleans, La., consigned to A. & V. Meyer, at a guaranteed rate of seventy-five cents per hundred pounds; that said cotton was to pass through the custody of several connecting carriers before it reached its destination, said bill of lading further stipulating that the defendant, the Gulf, Colorado and Santa Fe Railway Co. should only be liable for any damage that might occur on its own line of railway to said cotton. Defendant avers the fact to be that it transferred said cotton over its own line to Honey Grove, Texas, and there delivered it in good condition to the Texas and Pacific Railway Co. to be transported; that no damage or loss occurred to said cotton while in the custody of the defendant." The defendant further filed a special denial under oath of partnership.

The bill of lading introduced in evidence by plaintiffs reads as follows: "Received from Crossman Bros. & Co. the following packages, contents unknown, in apparent good order, marked and numbered as per margin, to be transported from Ladonia, Texas, to New Orleans, La., and delivered to the consignee or a connecting common carrier. The packages aforesaid must pass through the custody of several carriers before reaching their destination, and it is understood as a part of the consideration for which said packages are received, that the exceptions from liability made by such carriers respectively in their several bills of lading for through freight shall operate in the carriage by them respectively of said packages, as though herein inserted at length, and especially——" Then follow a number of special limitations, and continuing: "And it is further specially understood, that for all loss or damage occurring in the transit or custody of said packages, the legal remedy shall be against the particular carrier only in whose custody said packages may actually be at the time of the happening thereof, it being understood that the Gulf, Colorado and Santa Fe Railway Co. in receiving the said packages, to be forwarded as aforesaid, assumes no further responsibility for their safety or safe carriage than may be shown to have occurred on their own road."

These are the material parts of the bill of lading necessary to be stated in this opinion. Upon the trial of the cause the court instructed the jury to bring in a verdict for the plaintiffs. The defendant railway company offered to show by its agent, S. C. Taylor, that the cotton was transported to Honey Grove by the defendant railway company, and there, in good condition, delivered to a connecting carrier, the Texas and Pacific Railway Co., and received by said last named company to be further transported to the city of New Orleans, La. It also offered to prove by the agent of the Texas and Pacific Railway Co. at Honey Grove, R. W. Armstrong, that, as agent of the Texas and Pacific Railway Co., he received the said two bales of cotton from the defendant

railway company, in good condition, to be shipped over the Texas and Pacific Railway Company's lines to New Orleans.

This testimony was objected to on the ground that it was impertinent and irrelevant, because the plaintiffs had plead that the Texas and Pacific Railway Co. was the agent of the defendant, and that the contract to carry the cotton sued for was a joint one, made by the Texas and Pacific Railway Co. and defendant, and which facts defendant had not denied under oath in any way. The objection was sustained, and the evidence excluded. This action of the court was error. The defendant had sufficiently denied the allegations of partnership between the two railway companies, and the evidence was pertinent to the issue as made by the pleadings. The shipment was an interstate shipment, and therefore not subject to regulation by the laws of this State, and the defendant railway company had the right to limit its liability to damage occurring upon its own line. It exercised this right by expressly so limiting its liability in the bill of lading, and if the cotton was transported by the defendant railway company promptly and in good condition to Honey Grove, the place where the Texas and Pacific Railway Co. connected with the defendant company, and was there delivered in good condition to the Texas and Pacific Railway Co., to be forwarded to New Orleans, the obligations of the bill of lading were complied with.

It does not appear from the transcript or the briefs, upon what theory the court instructed the jury to find for the plaintiffs. It seems to be indicated from appellees' brief that the court took the view that the sworn denial of partnership was not filed in the Justice Court, and that for that reason it should be disregarded. If this be the view the court took, it was an erroneous one; although this defense may not have been made in the Justice Court, the defendant had the right to make it upon the trial in the County Court. Milam v. Filgo, 3 Texas Civ. Apps., 344; Railway v. Jones, 23 S. W. Rep., 424. The evidence should have been admitted and the case submitted to the jury upon the issues as made by the pleadings.

On account of the errors indicated, the judgment of the court below is reversed and the cause remanded for another trial.

*Reversed and remanded.*