Application eor Writs oe Certiorari,
The opinion of the court was delivered by
Watkins, J.
Relator is defendant in the suit entitled Lewis Oliff vs. I. J. Rudy, which is pending in the court of the respondent in the Fourth Ward of Caddo parish ; and his complaint is that he called up and disposed of said cause in the absence of the relator and his *1163 counsel — deciding the case against him without having heard him or his witnesses and in violation of the plain provisions of the law.
His contention is that after said cause had been several times continued it was set for trial on the 21st of April, 1897, at the hour of 9 o’clock A. M., and decided by him a few minutes after the hour specified, whereas he should have waited one hour after the time specified for the trial.
That soon after the respondent had thus unseasonably tried and decided the case against him, he appeared in court accompanied by his attorney and made objection to his course of proceeding as illegal, and after waiting until 10 o’clock he demanded that the case be called for trial, and the plaintiff not appearing, that same be dismissed as in case of non-suit, protesting that the said judgment had been illegally rendered and was absolutely null and void as to him.
His prayer is that a certified copy of said suit and judgment be brought up so that it may be examined to the end that the validity thereof may be ascertained; and, alleging that the said plaintiff is attempting to execute said judgment by the seizure and sale of his property, he prays for a like writ of certiorari to be directed to the constable holding the writ of execution so that he may be restrained from any further proceeding thereunder pen.dente lite.
In substance, the return of the respondent is that the aforesaid cause was set for trial on the day and at the hour designated, by consent of parties, same having been an hour of the day earlier than that at which he usually convenes his court for the transaction of business; and that the particular hour designated was selected in order to better suit the convenence of plaintiff’s counsel, who had an important business engagement in the District Court at the hour of 10 A. M. of the same day.
That this reason having been assigned by the plaintiff’s counse for the fixing of the cause for trial at 9 o’clock A. m. on the 21st of ' April, 1897, and his statement having been accepted and agreed to by the counsel of the defendant, in the presence of the respondent and in open court, he (respondent) fixed the case fox- trial on the day and at the hour specified, in pursuance of this agreement of parties; and, that being influenced by said consent and agreement, he made a note of the fixing of the case on bis docket in accordance therewith.
That feeling impressed with the understanding and agreement of *1164 the parties; that the case would be called promptly at the time appointed, he paid a visit to the defendant’s attorney’s office on the morning of the day fixed for the trial and saw and conversed with both the defendant and his attorney on the subject, and advised them of his intention to call the case for trial at the hour appointed anil requested them to be present; and that the plaintiff and his counsel having appeared promptly and demanded that the trial be proceeded with, he did so proceed with the trial and rendered judgment against the defendant by default after having waited twenty-five minutes for the defendant to appear.
. On this statement of the question before us, the only matter of law to decide is whether the respondent should have waited for one hour after 9 o’clock before proceeding to hear and adjudge the aforesaid cause; or did he have the legal right to proceed and decide the-case as he did?
The complaint of the relator is that the respondent summarily tried and decided the cause against him, “ having refused to hear (him) or his witnesses ” in the sense of C. P. 857; and his counsel points out the language of 0. P. 1085 as supporting that proposition.
The provision of the latter article must be interpreted with the-one which immediately precedes it.
That article (1084) says that “i/ both parties are ready to try the cause the judge may proceed to the hearing, otherwise the justice-shall fix such a day and hour as he thinks proper, allowing sufficient time to the parties to summon their witnesses if it be necessary.
The following article — the one relied upon by the counsel for the relator — declares that “ if at the time fixed for the hearing of the cause one of the parties fails to appear, the justice, after the lapse of an hour * * if it be the defendant (who makes default) * * shall proceed to hear the plaintiff’s testimony, and if he find the claim to be well founded he shall grant a judgment by default against the defendant,” etc. O. P. 1085.
. In our opinion, the terms of the latter article, “if, at the time-.-fixed for the hearing of the cause,” relate to the time fixed by the justice as stated in the preceding article — i. e., when one of the parties being absent the justice of his own motion sets another day for the trial; but we are equally of opinion that it has no application to-a case like the instant one, when the justice fixes the cause for trial on'a day .in the future ,in pursuance of an agreement and consent of the parties.
*1165 The manifest reason for the provision of the law that the justice shall wait one hour after the time he shall, on his own motion, designate for the trial, does not exist in case the parties shall consent to and agree upon a day, which he fixes accordingly.
Oounsel cite with confidence and rely upon the decision of this court in State ex rel. Montague vs. Coquillon, Justice of the Peace, 35 An. 1101, as sustaining his contention; but a reference to that opinion discloses that the day of trial was fixed by the justice on his own motion, and that the defendant appeared in court and asked for time to prepare his answer and was refused. That thereupon the defendant retired and sought the - advice of counsel, by whom an answer was prepared and presented to the court within less than one hour after the time appointed for the trial; and upon its presentation the defendant and his counsel were informed by the justice that it came too late, as the cause had been tried and judgment rendered against him.
The difference between that case and the instant one is striking in the fact, that in the former the ease was not fixed by consent, while in the latter it was fixed by an agreement of parties.
Hence that decision is applicable.
But there is still another important distinction between the two cases, in that the cause dealt with in the former opinion was an unap-pealable one, whilst the one we are dealing with is appealable to. the District Oourt of Caddo parish, to which relator can resort for relief.
But relator’s counsel refer us to that provision of law which declares that “ all appeals from judgments rendered by justices of the ■peace shall be tried in the appellate courts de novo,” etc. C. P. U29.; and insists that an appeal would not prove an adequate and efficacious remedy, as he was not afforded an opportunity of filing an answer and a reconventional demand in the justice court, and would not be permitted to do so in the District Court on appeal — it not being permissible to file new. or additional pleadings in the appellate court.
' In our opinion, that is too narrow and restricted a view to be taken of that article.
Indeed the question was decided just the other way in Saunders vs. Ingram, 5 N. S. 647, in the course of a decision relative to an appeal from the old parish court to the District Court; and in the course of their opinion the court said :
*1166 “An appeal from a parish to a District Court authorizes an examination of the case de novo, and either party to the suit may, by leave of court, amend his pleadings, so as to bring the merits fairly before the appellate tribunal.
“ If no amendments be made to the pleadings the trial is to proceed on them as they have been made in the court of the first instance,” etc.
A trial of the case on appeal from the justice to the District Court is on a parallel with that from the old Parish tothe District Court, and hence it is subject to a like interpretation.
And it is a common practice for judges to permit suitable amend - ments to the pleadings prior to the commencement of a trial, and even afterward, if the purposes of justice may be thereby subserved.
In this case the right of relator, as defendant, to have his pleadings amended in the District Court on appeal, is undoubted, for the reason that the transcript furnished by the respondent shows that the answer and reconventional demand which he proposed to file in the cause was partly prepared and written on the docket of the respondent prior to the time the trial was fixed the last time, and that same had not been completed because of an interruption in its preparation over which he had no control.
His right to a suspensive appeal is equally undeniable because of the effect of our restraining order pendente lite.
. Our conclusion is that the complaint the relator makes of the proceedings in the court of respondent are remediable by appeal, and consequently relief by certiorari must be denied.
It is therefore ordered, adjudged and decreed that our restraining order be set aside and the demands of the relator be rejected at his costs.
Nicholls, C. J., absent; ill.