## WIMSEY V. MCADAMS.

1. Under Comp. Laws, §§ 6129, 6131, providing for appeals from judgments rendered in a justice's court, defendant was entitled to a new trial in the circuit court on an appeal from a judgment by default in a justice's court, as though there had been no default.

2. Where the circuit court has no jurisdiction of an appeal from a justice, an affirmance of the judgment below is error.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Brookings county. Hon. JULIAN BENNETT, Judge.

Action by M. F. Wimsey against J. C. McAdams. From a judgment for plaintiff, defendant appeals. Reversed.

*Cheever & Hall*, and *E. H. Aplin*, for appellant.

*Mathews & Murphy*, for respondent.

FULLER, P. J. Being dissatisfied with a final judgment rendered by default in justice court, the defendant appealed to the circuit court on questions of both law and fact, and demanded a new trial therein. Upon the theory that the circuit court was without jurisdiction to determine, on appeal from a

default judgment, issues of fact that might have been tried in justice court, the judgment therein rendered was affirmed, on motion, when the case was called for trial, and the defendant appeals.

Without distinction as to judgments by default and judgments upon a trial any party dissatisfied therewith may appeal to the circuit court on questions of law or fact, or both law and fact, in which event a new trial may be had therein as if the case had never been tried before, and any valid defense may be set up for the first time in circuit court, although the appeal is from a judgment by default. Comp. Laws, §§ 6129, 6131. Had the legislature intended to deny those who suffer judgment by default the right to a new trial on appeal, an exception would have been made to that class. In the case of Perrott v. Owen, 7 S. D. 454, 64 N. W. 526, we say that "appeals from inferior tribunals are, in law, regarded with favor; and the statute makes no distinction as to the right of appeal between parties who have suffered judgment by default in justice court, and those who have appeared in the action." The statute has placed upon the defendant no obligation to appear before a justice of the peace and disclose any defense that may exist, and, in the exercise of his statutory privilege, he may suffer default without waiving his right to a trial *de novo* in the circuit court of all issues of law and fact that might have been raised in justice court. A trial *de novo* is adverse to the view that the court takes jurisdiction simply to correct errors and affirm or reverse on appeal. It therefore follows that amendments may be allowed, or new issues raised touching the subject-matter that might have been litigated below but for the default. Hall v. Doyle, 35 Ark. 445; Railway Co. v. Crossman,

11 Tex. Civ. App. 622, 33 S. W. 290; Stanley v. Bank, 17 Kan. 592; Railroad Co. v. Lefevre (Tex, Civ. App.) 40 S. W. 340; Hall v. Mills, 11 Mo. 215.

Moreover, it is quite clear that in the absence of jurisdiction the circuit court would have had no authority to affirm the judgment below, and a reversal in that event would follow. Long v. Sharp, 5 Or. 438. The judgment of the court below is reversed, and the case remanded for a new trial.