(37 South. 175.)

No. 15,320.

STATE ex rel. HUMBLE v. MACHEN, Judge, et al.

(July 18, 1904.)

PROHIBITION—JURISDICTION.

1. Where a suit filed in the district court is appealable to the Court of Appeal, an application for the writ of prohibition, with respect to any order or proceeding therein which would be carried up for review by such appeal, should be made to the appellate, and not to this, court.

(Syllabus by the Court.)

Application by the state, on the relation of J. D. Humble, against M. F. Machen, Judge Fifth Judicial District, and others, for writs of prohibition. Dismissed.

C. P. Thornhill, for relator. Respondent judge, pro se (Allen Byber Hundley and George Wear, of counsel).

Statement of the Case.

MONROE, J. Relator alleges that in April, 1904, he was elected police juror of the Seventh Ward of the parish of Caldwell; that he was so returned by the board of supervisors of election; that he was duly commissioned by the Governor; that he qualified by taking the oath prescribed by law; that on May 16th A. B. Duff filed a suit (No. 810) in the district court of the parish, to have said election annulled and relator decreed ineligible to said office; that on May 23d said court held a special term, at which the judge announced that he would not try civil cases, save by consent of parties; that the counsel for said Duff refused to consent to the trial of said suit instituted on his behalf; and that on May 28th the court adjourned without giving relator a hearing therein.

He further alleges that on June 18th following said Duff filed another suit (No. 813), raising the same issues as are presented in the suit No. 810, and praying for and obtaining an injunction restraining relator from exercising the functions of the office to which he has been elected as aforesaid, the purpose of said suit being to annoy and harass relator, and that the injunction so obtained is illegal and null for the reason that the district court and the clerk thereof "are without power and authority to enjoin him from performing the functions of said office." He accordingly prays for a writ of prohibition restraining said Duff, as also M. F. Machen, judge, and N. L. Hower, clerk, from further interfering with the free exercise by him of the functions of his said office; and he further prays that, after hearing, said injunction be dissolved, and said suit No. 813 stricken from the docket.

To this petition there is annexed the petition in the suit No. 810, which purports to have been filed in the name of the state on the relation of the district attorney, joined by A. B. Duff, and which alleges that Duff was elected a member of the police jury from Ward 7 of the parish of Caldwell at the general election in April, 1900; that he took the oath, and has discharged the duties of the office since that time; that at the election in 1904 J. D. Humble had his name written on the official ballots, and himself returned as elected to the said office; that said Humble is not, and has never been, a resident of Ward 7 of the parish of Caldwell, but has always resided in Ward 2, in which he has registered, exercised the right of suffrage, and served as commissioner of election; that on March 1, 1904, in order to make it appear that he was a qualified voter of Ward 7, and for the sole purpose of having himself elected to the police jury therefrom, he had his name changed from the poll list and book of Ward 2 to that of Ward 7, but that his registration as of Ward 7 was imperfect, illegal, and unwarranted; and that under article 210 of the Constitution his election was illegal and void. The petition further alleges that A. B. Duff is now acting

as a member of the police jury from said Ward 7, and is entitled to act in that capacity until his successor is legally elected or appointed and inducted into office, and that the emoluments of the office are worth $200 for the term. The prayer is that said Humble be cited, and that, after due proceedings, there be judgment decreeing his election to the office of the police jury of Ward 7 null and him ineligible thereto, and further decreeing the respondent Duff to be the legal member for said ward until his successor shall have been legally elected or appointed and inducted into office.

Upon the petition and exhibit so filed this court made an order directing the judge of the district court to show cause why the writ of prohibition should not issue as prayed for, directing that further proceedings be stayed, and further directing that the other parties mentioned in relator's petition be notified.

The clerk, by way of return, alleges that he is without interest, and the judge and the other respondent, joining in the same answer, deny that the suit No. 813 was instituted for the purpose of annoying relator, and allege that it was brought in the exercise and for the protection of the legal rights of the respondent Duff. The respondent judge further denies that relator has been refused a trial of the issues presented in the suit No. 810, and alleges that the May term of his court was specially called for the trial of persons confined in jail on criminal charges, and was taken up with such trials; that when relator spoke of the trial of the case No. 810 respondent informed him that the special term would be so consumed, but stated that if at any time his case could be reached it would be taken up, as it was entitled to a summary trial, and, if it could not be reached during said term, it could be set down for trial upon a future day, and that he (respondent) would return to the parish and hear it; but that relator has not since asked for a trial. This return further alleges:

"That, relying upon his commission, issued over respondents' protest, relator expected to present his commission and be recognized as a member of the police jury * * * for Ward 7, thereby ousting respondent Duff, and usurping the office legally held and occupied by him; that under the laws of the land respondent Duff was entitled to a writ of injunction to prevent relator from usurping his office, and in the protection of his legal rights he applied for and obtained said writ."

Wherefore respondents pray that this proceeding be dismissed.

### Opinion.

It appears upon the face of the record that the suit wherein the injunction of which relator complains was issued is appealable to the Court of Appeal, and, as that tribunal is vested with authority to issue writs of prohibition, etc., in aid of its appellate jurisdiction (Const. art. 104), it follows that the application which we are now considering should have been made to it, and not to this court. State ex rel. Keplinger & Enderlee v. Justice, 48 La. Ann. 1348, 20 South. 164; State ex rel. Rudy v. Justice, 49 La. Ann. 1165, 22 South. 336; State ex rel. Dunn v. Richardson & Wirth, 49 La. Ann. 1612, 22 South. 960.

It is therefore ordered, adjudged, and decreed that the staying order herein be rescinded, and this proceeding dismissed, at the cost of the relator.