NICHOLLS, J.
In his application for the writ of review applicant avers: That the plaintiff obtained judgment against the defendant, Boisfontaine, in the First city court of New Orleans, in the above-entitled case on the docket of that court, for $45, with interest, and 10 per cent, attorney’s fees, and costs. That under a writ of fi. fa. the Hart Piano House, Limited, was made garnishee, and answered, denying any indebtedness. That said answers were traversed as to materiality and what was expected to be proved, to wit: That said garnishee was indebted to said defendant in the full amount of said judgment at the date of the service of the interrogatories. The books of said garnishee, showing the state of defendant’s account, were ordered to be produced in court on the trial of said rule. That, instead of complying with said order, said garnishee refused to comply with said order, and refused to produce any of its books, as evidenced by •written exception and refusal filed February 14, 1905.
That by reason of said refusal the said court took for confessed the truth of the allegations of mover’s affidavit and rendered judgment pro confesso against said garnishee for the amount of plaintiff’s judgment against defendant.
That from said judgment the garnishee took an appeal to the Court of Appeal for the parish of Orleans, and on the trial thereof produced said hooks and sought to prove thereby that said garnishee was not indebted to defendant. That to this offer appellee objected, but the Court of Appeal overruled said objection, admitted said books and said evidence, and reversed the judgment in appellee’s favor against the garnishee, with costs.
Applicant avers that the Court of Appeal permitted the introduction of said books for the first time on appeal before it, because it considered that a trial de novo gave to the garnishee (the appellant) that right; but he, the applicant, denied and contested the right and authority of the Court of Appeal so to do. It avers that the sole issue before the Court of Appeal on the written pleadings was the correctness vel non of the judgment of the First city court; that the exception or return of the rule was in writing, and no other defense could be considered — citing De Grilleau v. Boehm, 106 La. 472, 31 South. 74.
The Court of Appeal, under order of this court, has sent up the record in the case to this court for our review.
The evidence shows that the plaintiff, having obtained a judgment against Boisfontaine, caused a writ of fi. fa. to issue upon the judgment, and made seizure thereunder of any amount which the Junius Hart Piano House, Limited, might owe the defendant, propounding to it, simultaneously, the interrogatories usually made in such cases. The garnishee answered, denying all liability.
Thereafter, on the 31st of January, 1905, on the suggestion of the plaintiff that the answers of the garnishee were evasive and incorrect, and not responsive to the interrogatories propounded, and on the averment that the garnishee was indebted to the defendant in the full amount of the judgment, it was ordered by the court that the garnishee show cause on Monday, the 6th of February, 1905, at 10 o’clock a. m., why said answers *436 should not be set aside and judgment rendered against it in favor of the plaintiff in the full amount of plaintiff’s judgment.
On the same day, on the suggestion of the plaintiff that it had filed a rule traversing answers of the garnishee, and that on the trial of the rule it was necessary and material to the cause of plaintiff that the garnishee should produce in open court the books (naming them) showing the state of the account of the defendant with the garnishee at the time of the service of the interrogatories on it, the court ordered that the garnishee should produce said books in open court on the trial of the rule traversing its answer to interrogatories.
The garnishee was notified to produce said books on the 6tk of February, 1905, at 10:30 a. m.
The garnishee excepted to the motion for the production of the books for the reason that the court was without jurisdiction, ratione materise, to order the hooks to he produced under the conditions prevailing. It prayed that the motion be denied, and that it be dispensed from producing the books.
On tbe trial on the 14th of February, 1905, of the rule, garnishee’s exception was overruled, and the court set aside the answers to interrogatories, ordered interrogations to be taken pro confesso against the garnishee, and refused a new trial. The garnishee appealed to the Court of Appeal.
. The case was tried de novo in the latter court, and on the trial the garnishee was permitted, over objection made, to introduce his books in evidence. The trial resulted in a reversal of the judgment appealed from and a judgment in favor of the garnishee, whereupon the case, on application of the plaintiff, was ordered here for review.
Counsel on behalf of the plaintiff refer the court to article 140, Code Prac., and to the decision of this court in De Grilleau v. Boehm, 106 La. 472, 31 South. 74. Counsel of the garnishee urge, in support of the action of the Court of Appeal, Saunders v. Ingram, 5 Mart. (N. S.) 647, and State ex rel. Rudy v. Justice, 49 La. Ann. 1165, 22 South. 336.
He says further:
“Nor are we without precedent in other states. In Inhabitants v. Sweeney, 118 Mass. 418, the court held that on an appeal from justice court, the trial being, as here, de novo, the appeal opens to the appellant the whole case as to the law, the facts, and the judgment.
“In Hooper v. Farwell, 3 Minn. 106 (Gil. 58), the court held the case on appeal de novo brought into the appellate court stands as it stood before trial m the justice’s court. See, also, Welter v. Nokken (Minn.) 37 N. W. 047 Ser v. Bobst, 8 Mo. 506; Harper v. Baker, 9 Mo. 116; Musgrove v. Mott (Mo.) 2 S. W. 214; Barclay v. Brabston (N. J.) 9 Atl. 769; Allen v. Wood, 1 Head (Tenn.) 436.
“So it has been held that a defense may be made on the trial of an appeal from a justice court which was not made before the Justice. Davis v. Fitchett, 5 Fla. 261; Hall v. Mills, 11 Mo. 215.
“ ‘An appeal to the municipal court of St. Paul from the judgment of a justice of the peace on questions of both law and fact brings up the case for a trial de novo, and gives the court the same power over the pleadings and proceedings as if the action had originally been commenced therein.’ Webb v. Paxton (Minn.) 32 N. W. 749; Ill. Cent. R. R. v. Andrews, 61 Miss. 474; Swinborn v. Johnson (Tex. Civ. App.) 24 S. W. 567; Wilcox v. Holmes, 20 Wis. 307; Hall v. Doyle, 35 Ark. 445.
“In Missouri an affidavit for attachment may be amended. The plaintiff brought his attachment suit in the justice court. The attachment was maintained only because defendant failed to make proper plea. Defendant appealed, and filed the necessary plea, but plaintiff was permitted to file amended affidavit. Thus the case tried in the appellate court was decided on an issue not before the justice. Musgrove v. Mott (Mo.) 2 S. W. 214.
“Defendant failed to appear, and judgment was taken by default. On appeal, when defendant filed answer, the court said:
“ ‘No reason is perceived why he should be denied such a defense on appeal in the county court, where the trial is de novo. White v. Johnson et al. (Tex. Civ. App.) 24 S. W. 568 St. L. S. W. Ry. Co. v. Denson (Tex. Civ. App.) 26 S. W. 265.
“A trial de novo proceeds in the appellate court ‘the same as though it had originally been commenced therein.’ Welter et al. v. Nokken (Minn.) 37 N. W. 947.
“What was the issue between the plaintiff and garnishee? In the city court the garnishee denied owing the judgment debtor. The plaintiff contradicted him. The issue, therefore, was indebtedness vel non of the Junius Hart Piano House, Limited, to the debtor of plaintiff’s subrogee. In the city court judgment was *437 rendered against the garnishee pro confesso, because he failed to produce his books. Such a judgment is equivalent to a judgment by default. Under the logic of the words ‘de novo,’ and under the jurisprudence cited from the other states and the clear inference of the two cases cited fi'om our own jurisprudence, a judgment by default rendered in the city coux’t .would have been tried in the Court of Appeal on the issue there presented after answer, and not on the question whether or not a judgment should have been entered by default. Certainly equity directs the more liberal course.”
The garnishee in this case appealed from the “judgment” rendered against it, not from the rulings made by the court on matters of evidence, and upon which the lower court had acted. The conclusion, reached by the city judge, that by reason of the fact that the garnishee had failed to have its books in court on the day of the trial of the rule to traverse its answers the garnishee should be considered as having confessed that which it had specially, .expressly, and categorically denied under oath, was not a judgment in the case. The correctness of that conclusion and of the judge’s ruling refusing to grant a new trial were simply issues which had arisen in the course of the proceedings below. They went before the appellate court to be passed upon by it. If that court found error, it was its x’ight and duty, as the whole case was before it for trial de novo, to render such a judgment as the city ■court should have rendered. Code Prac. art. 1138; State ex rel. Ducote v. Coco, 42 La. Ann, 410, 7 South. 620; Cusachs v. Dugue, 113 La. 274, 36 South. 960.
The Court of Appeal was obviously of opinion that the garnishee should not have been held concluded under the circumstances of the case by not having its books in court on the day of jhe trial of the rule. It permitted the garnishee to comply (as it offered to comply) with the order to produce the books. As this permission affected only a question of the evidence in the case, the court was cleaidy within the bounds both of its jurisdiction, and of its discretion. That court having, from an examination of the books, ascertained as a fact that the answers to the interrogatories were correct and that the garnishee owed the defendant nothing, this court would not feel itself justified in reversing its judgment on that finding. The plaintiff in the case having ruled the garnishee to show cause, if any it had, why the answers which it had been given should not be set aside and the books produced, the garnishee was entitled to advance any legal ground it supposed it had for contesting that right Judgment should not have been summarily entered against the garnishee, on the trial of the rule to traverse, upon the ground that its books were not already in court, in anticipation of a possible ruling adverse to its view of its legal rights. No order to produce the books was given by the court on making its ruling. The garnishee was evidently acting in good faith as to its legal rights. We think the court should at least have accorded the garnishee a new trial, so as to have enabled it to comply — if it thought proper — with the ruling of the court after it was made known to it.
Plaintiff relies upon the provisions of article 140 of the Code of Practice in support of the ruling of the city court, but we do not think that it applies to the facts of this case. That article refers to a request made of the court by one of the parties to a suit to decree that the other party therein should produce books, for the purpose of the adjudication of the rights of the parties in that suit. That was' not the case here. The Junius Hart Piano House, Limited, was not one of the parties in that suit. It had no interest or concern in the issues to be determined therein. It was not made a party thereto through garnishment proceedings. Bank v. Hyams, 50 La. Ann. 1119, 24 South. 774.
It is true that article 141 of the Code of Practice authorizes courts to order third parties under certain circumstances to bring their books into court on the day fixed for *438 the trial of causes; but it nowhere declares that their failure to do so shall have ipso facto the effect of being held to an acknowledgment of the facts which the person asking for the books might have thought proper to assign as those which the books would show. Such a result would be in the nature of a very severe penalty for possible or probable inadvertence, and penalties are not to be extended over from- one case to another by implication.
There is no necessity in this case for an expression of opinion as to whether justices of the peace or the judges of the city courts have the authority in law to order the production of books under articles 140 and 141 of the Code of Practice. Garnishee claims that they have no such authority, relying for that position upon the terms of article 124 of the Code of Practice. It has acquiesced in the order to produce its books, and has obtained the full benefit of having done so.
For the reasons herein assigned, it is hereby ordered that the judgment of the Court of Appeal herein brought up for review be, and the same is, hereby affirmed.